GEORGE FILISKO ET AL. *v.* BRIDGEPORT HYDRAULIC
COMPANY ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE NO. 146692
AT BRIDGEPORT

Memorandum filed October 10, 1973

*Robert K. Lesser,* of Bridgeport, for the plaintiffs.

*Cummings & Lockwood,* of Bridgeport, for the named defendant.

*Marsh, Day & Calhoun,* and *Pullman, Comley, Bradley & Reeves,* both of Bridgeport, for the defendant town of Easton.

LEVINE, J. The defendant town of Easton has demurred to the second count of the complaint on the ground that § 25-26 of the General Statutes does not permit individual persons to bring an action for civil damages and that only the commissioner of environmental protection may exert the rights provided by the statute. The second count alleges that the defendant town maintains a refuse dump on property adjoining that of the defendant Bridgeport Hydraulic Company and that the dump is so maintained as to create a nuisance in that surface and subsurface waters are polluted and flow into, through, and under the land of the plaintiffs, causing injury. The claim for relief is for money damages.

Section 25-26 contains the following language in part: "The commissioner of environmental protec-

tion shall investigate all points of existing or potential waste discharge . . . and shall examine all existing or proposed disposal systems, and shall compel their operation in a manner which shall . . . protect the public health . . . ." The use of the word "compel" clearly indicates that the commissioner has the authority to compel by court action compliance with the statute. While the cases cited by the defendant town, *Guthrie* v. *Alabama By-Products Co.,* 328 F. Sup. 1140, and *Longstean* v. *McCaffrey's Sons,* 95 Conn. 486, bear out the proposition on which this defendant stands, namely, that a cause of actionable negligence is not given by a statute to private individuals unless the statute imposes on the violator a specific duty for the protection or benefit of the claimant for damages, that proposition of law is inapplicable here. The allegations of the second count set forth a claim of nuisance as stated in paragraphs 1 through 5 of the first count, which are made paragraphs 1 through 5 of the second. The enactment of the statute did not eliminate the common-law right of the plaintiffs to recover for a nuisance created by the defendant town. In addition thereto, while the defendant town may be correct in its contention that only the commissioner may sue to enforce the act, that circumstance does not prevent one who is injured by a violation of the act from recovering damages.

For the reasons stated, the demurrer is overruled.